IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUNNY DELIGHT BEVERAGES CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:11-cv-285-MJR-DGW ) |
| RICHARD SUCHENSKI and TRACEY SHANNON, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Now pending before the Court is a Motion to Quash a Subpoena filed by Geraldine A. Davidson, a non-party proceeding *pro se* (Doc. 18). Ms. Davidson, the realtor in the real estate transaction that is the basis of the lawsuit, requests that the Court quash the subpoena issued by Defendants seeking production of documents in her possession regarding the real estate at issue in the case. Ms. Davidson claims that: 1) the named parties were not the buying and selling property owners, 2) all the documents in the file are privileged, and 3) the information requested is in the possession of the Plaintiff.

Defendants respond in opposition to the Motion to Quash the Subpoena, arguing that Ms. Davidson has not established a legal basis for quashing the subpoena (Doc. 19).

### DISCUSSION

Under Fed. R. Civ. P. 45(c)(3)(A), a court is required to quash or modify a subpoena that 1) does not allow a reasonable time to comply; 2) requires an individual to travel more than 100 miles to comply; 3) seeks disclosure of privileged matters; or 4) imposes an undue burden. Under Rule 45(c)(3)(B), a court may quash or modify a subpoena that seeks disclosure of trade secrets, seeks disclosure of an unretained expert's opinion in certain circumstances, or imposes a substantial expense for travel. Regarding the scope of discovery, a court may "order discovery of any matter

relevant to the subject matter involved in the action" when good cause is shown. *See* Fed. R. Civ. P. 26(b)(1). Relevant information does not have to be admissible at trial, but it must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The Court finds that the discovery requested in the subpoena is relevant and therefore discoverable. Evaluating Ms. Davidson's assertions in the motion to quash under Rule 45(c)(3)(A), the Court finds that none of the circumstances described require the Court to quash the subpoena. Ms. Davidson does not contend that the subpoena does not allow enough time to comply, nor does she contend that she would be required to travel more than 100 miles. Ms. Davidson tentatively asserts that the documents in the real estate file are privileged, but the Court has found no realtor-client privilege under either Illinois or federal law. Finally, the Court does not believe that the subpoena is overly burdensome; it requires only that Ms. Davidson produce the documents related to the real estate transaction that is the basis of the lawsuit. Likewise, the Court does not find, nor does Ms. Davidson argue, that the subpoena seeks trade secrets, unretained expert opinions, or imposes a substantial burden on her to travel. Thus, the Court finds none of the provisions of Rule 45(c)(3)(B) apply. Ms. Davidson's two other claims—that the parties in the lawsuit were not the parties to the transaction, and that the plaintiff already possesses the information—are not bases for quashing the subpoena under either the mandatory or discretionary portions of the rule. Accordingly, the Motion to Quash the Subpoena is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 21, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**